**Alberto Jose RIVAS–MARIN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 10–71287.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2012.*

Filed Feb. 24, 2012.

Elsa Ines Martinez, Esquire, Law Offices of Elsa Martinez, PLC, Los Angeles, CA, for Petitioner.

Tim Ramnitz, Trial, Katharine Clark, Esquire, Trial, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Washington, DC, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Robert J. Timlin, Senior United States District Judge for the Central District of California, sitting by designation.

Before: GRABER and TALLMAN, Circuit Judges, and TIMLIN, Senior District Judge.**

MEMORANDUM ***

Petitioner Alberto Rivas–Marin ("Rivas–Marin"), a native and citizen of Nicaragua, petitions for review of a decision of the Board of Immigration Appeals ("BIA"). The BIA upheld the immigration judge's ("IJ") ruling that Rivas–Marin's mail fraud conviction under 18 U.S.C. § 1341 constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i), thus requiring his removal to Nicaragua.

Although 8 U.S.C. § 1252(a)(2)(C) prohibits judicial review of orders of removability resting on an alien's conviction for an aggravated felony, we still retain jurisdiction "to determine if jurisdiction exists." *Unuakhaulu v. Gonzales,* 416 F.3d 931, 935 (9th Cir.2005) (internal quotation marks omitted). Thus, we may determine, as a matter of law, whether Rivas–Marin's mail fraud conviction is an aggravated felony under § 1101(a)(43)(M)(i), which defines "aggravated felony" as a crime involving fraud or deceit causing more than $10,000 in loss to victims.

The Supreme Court has held that an alien's mail fraud conviction under § 1341 is an aggravated felony under § 1101(a)(43)(M)(i). *Nijhawan v. Holder,* 557 U.S. 29, 129 S.Ct. 2294, 2303–04, 174 L.Ed.2d 22 (2009). Alternatively, Rivas–Marin's many admissions of fraudulent activity would establish the elements of "fraud or deceit" under a modified categorical approach. *See United States v. Agui-*

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*la–Montes de Oca,* 655 F.3d 915, 936 (9th Cir.2011) (per curiam).

The IJ used "fundamentally fair procedures" in determining that victims' losses exceeded $10,000. *Nijhawan,* 129 S.Ct. at 2302–03. Rivas–Marin was ordered to pay $37 million in restitution. He also admitted that his scheme involved fraudulently inflating the value of several real estate properties by more than $100,000 each. At the same time, he offered no evidence demonstrating that losses were less than $10,000. The IJ fairly considered these facts in finding that Rivas–Marin's scheme caused losses of over $10,000.

Because we agree with the BIA and the IJ that Rivas–Marin is removable for having committed an aggravated felony, we dismiss his petition for lack of jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(C).

**PETITION DISMISSED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.